IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PUBLIC CONSULTING GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN READING COMPANY, INC., <br><br> Defendant. | Civil Action No. 1:15-cv-10495 |

## COMPLAINT AND JURY DEMAND

Plaintiff PUBLIC CONSULTING GROUP, a Massachusetts Corporation (hereinafter "PCG" or "Plaintiff"), brings this civil action against Defendant AMERICAN READING COMPANY, INC. ("ARC" or "Defendant").

## THE PARTIES

1. Plaintiff PCG is a Massachusetts Corporation with its principal place of business at 148 State Street, 10th Floor, Boston, Massachusetts 02109.  Plaintiff PCG creates customized educational curricula as well as general educational curricula, among other things.  Defendant provides a variety of services to educational agencies, including the publication of various educational materials.

2. Upon information and belief, Defendant ARC is a Pennsylvania Corporation with offices at 201 South Gulph Road, King of Prussia, Pennsylvania 19406-3170.

**JURISDICTION AND VENUE**

3. This is an action for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367.

4. This Court has personal jurisdiction over the Defendant. The Defendant does business in this judicial district. The goods provided by Defendant comprised of the infringing materials are currently available for sale in Massachusetts and have been sold in Massachusetts. Venue is proper in this judicial district under 28 U.S.C. § 1391.

**BACKGROUND**

5. Headquartered in Boston and founded in 1986, Plaintiff employs more than one thousand one hundred (1,100) professionals in forty-eight (48) offices throughout the world. Plaintiff is a management consulting firm that primarily serves public sector education, health, human services, and other state, county, and municipal government clients.

6. Plaintiff regularly creates educational materials for its clients and typically retains ownership of all intellectual property associated with its educational materials, including copyright protection.

7. To ensure that it provides timely, efficient, and quality work product, Plaintiff regularly hires subcontractors to create or develop a portion of the educational materials Plaintiff has been hired to produce. Because this is a regular occurrence, Plaintiff has a template for a subcontracting agreement.

8. When Plaintiff does hire a subcontractor, Plaintiff typically retains all intellectual property rights to any work product resulting from the subcontractor's efforts. Plaintiff's standard operating procedure is reflected in its template subcontracting agreement, which not only states that all intellectual property in any work product created under the agreement belongs to Plaintiff, but it also requires the subcontractor to expressly assign any intellectual property rights it may claim in any materials created under the agreement.

9. On or about 2012, Plaintiff entered into a contract with New York State Education Department ("NYSED") to, in the relevant part, create and provide English language arts and literacy curriculum modules for grades six (6) through twelve (12). Plaintiff's contract with NYSED expressly limited its license for uses that are "solely for educational purposes," thereby excluding commercial resale or sublicensing (the "NYSED License").

10. Pursuant to its contract with NYSED, Plaintiff created or had created a significant number of lessons and other educational materials, which were posted on the NYSED website, *engageny.org*, for New York public school teachers to use solely for educational purposes. The Terms of Service for this website state that materials published on the NYSED EngageNY website are available for use "without fee for personal, private, and educational purposes, except that reproducing materials for profit or any commercial use is strictly forbidden without express prior written permission of NYSED."

11. Plaintiff did not grant any third party the right to make any commercial use of the materials created pursuant to its contract with NYSED. Plaintiff expressly retained

all intellectual property rights in the materials created under this contract, which allowed it to grant the NYSED License that is solely for non-commercial, educational use described in Paragraph 9 of this Complaint.

12. Plaintiff owns common law copyrights for all of the materials created pursuant to its contract with NYSED.

13. Plaintiff currently has thirty-two (32) copyright applications pending with the United States Copyright Office for the various materials created pursuant to its contract with NYSED.

14. Upon information and belief, each of Plaintiff's copyright applications will register in the near future.

15. Plaintiff invested a significant amount of time and energy developing the educational materials at issue and produced them for NYSED to facilitate the dissemination of high quality educational materials throughout the state of New York.

16. Plaintiff's educational materials have been well-received and are in high demand from public schools throughout the state. Plaintiff discovered, however, that many teachers found downloading and printing the materials cumbersome. For this reason, Plaintiff planned to create high-quality, printed versions of the subject materials to sell to those who preferred the ease of using pre-packaged hard copies of the materials to the free availability of their digital counterparts.

17. Plaintiff's educational materials are of such quality that a handful of third parties also recognized the market for printed versions of Plaintiff's materials. After Plaintiff discovered four third parties, including Defendant, selling or, upon information

and belief, licensing others to create printed editions of its copyrighted educational materials, Plaintiff alerted the four parties to their violations of Plaintiff's copyrights. Two of those parties have recognized Plaintiff's rights and ceased their infringement; yet ARC has not.

## DEFENDANT'S UNAUTHORIZED SALE OF PLAINTIFF'S COPYRIGHTED MATERIALS

18. Upon information and belief, Defendant has sold and continues selling Plaintiff's copyrighted materials for significant sums of money through its website, *americanreading.com*. Specifically, Plaintiff's copyrighted materials are available for purchase directly from the website at *americanreading.com/expeditionary-learning/#item-curriculum*. On January 30, 2015 this website showed that Defendant was and on information and belief is still selling at least Plaintiff's materials for grades six (6) through eight (8) that were created for NYSED's non-commercial use. Further, the website showed that Defendant sold and on information and belief is selling Plaintiff's materials for a significant amount of money. For example, the sixth grade curriculum alone was priced at $2,250.

19. On information and belief, ARC is marketing and offering for sale, and has actually sold, the infringing products to customers in Massachusetts.

20. On September 26, 2014, Plaintiff's attorneys sent a letter to Jane Hileman, Defendant's Founder and Chief Executive Officer. The letter informed Defendant of Plaintiff's rights, demanded the immediate cessation of all infringing sales, requested that existing infringing inventory be transferred to Plaintiff, and asked for an accounting of all

sales of the infringing materials.  To date, Plaintiff has not received a substantive response from Defendant.

21.  Defendant has ignored Plaintiff's attempt to contact it and resolve the matter outside of litigation.

22.  Defendant continues to sell Plaintiff's educational materials despite requesting that Defendant cease and desist doing so.  Defendant is therefore actively engaged in the unlawful, willful and malicious sale of Plaintiff's copyright protected materials.

23.  Defendant has unlawfully, willfully, and maliciously sold Plaintiff's copyrighted materials to the economic detriment of Plaintiff.

24.  Upon information and belief, Defendant has access to Plaintiff's educational materials by virtue of their presence on the NYSED website for non-commercial, educational use.

25.  For its own profit and advantage, Defendant misappropriated the copyrighted material in which the Plaintiff has invested heavily.  Defendant literally copied most or all of Plaintiff's NYSED materials to take advantage of the investment Plaintiff made in the development of its curricula in an attempt to get a free ride on Plaintiff's investment, which has, thus far, been successful.

26.  By copying Plaintiff's curricula, Defendant has diverted consumers looking for Plaintiff's educational materials and undermined Plaintiff's own plans to sell printed editions of the materials it created for NYSED.

27. Despite several demands that Defendant cease and desist using Plaintiff's copyrighted material, Defendant continues to make its infringing materials available for purchase to countless users within this District and throughout the country.

28. Defendant's conduct has been and continues to be in willful violation of Plaintiff's warning to stop selling infringing material.

29. Plaintiff owns common law trademark rights to PUBLIC CONSULTING GROUP in which it has spent nearly three (3) decades of diligent work building a tremendous amount of goodwill in the educational space.

30. Because Defendant makes direct copies of Plaintiff's materials, a notice appears on the infringing materials stating that they were created by Plaintiff and that Plaintiff is the copyright owner.  This notice employs Plaintiff's trademark, PUBLIC CONSULTING GROUP, which is well-known in the educational industry.

## COUNT I

### (Federal Copyright Infringement under 17 U.S.C. § 501(a))

31. The allegations of paragraphs 1-30 are restated and re-alleged as though fully set forth herein.

32. Plaintiff owns all of the copyrighted materials it created for NYSED including the materials identified in the September 26, 2014 letter to Defendant, and the United States Copyright Office is in receipt of applications to register all such materials as required by 17 U.S.C. § 411(a) for the filing of an action for copyright infringement.

33. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of the above-

referenced materials. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in its materials as referenced above.

34. Defendant's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights in its educational materials, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

35. Upon information and belief, Plaintiff alleges that, as a direct and proximate result of its wrongful and willful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

36. Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law. Accordingly, Plaintiff seeks injunctive relief pursuant to 17 U.S.C. § 502.

37. Upon information and belief, Defendant has willfully engaged in, and is willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff.

38. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted materials described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seeks a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

## COUNT II

### (False Designation of Origin under 15 U.S.C. § 1125(a))

39. The allegations of paragraphs 1-38 are restated and re-alleged as though fully set forth herein.

40. The use of PUBLIC CONSULTING GROUP on Defendant's infringing materials constitutes a false designation of origin pursuant to 15 U.S.C. § 1125(a), suggesting to consumers that Defendant is associated with or sponsored by Plaintiff.

41. Defendant's unauthorized use of PUBLIC CONSULTING GROUP has a substantial effect on interstate commerce.

42. Upon information and belief, Defendant's false designation of origin has been made in connection with goods from which it makes a profit.

43. Defendant's false designation of origin is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by Plaintiff of the goods provided by Defendant under the infringing Mark, subjecting Defendant to liability under 15 U.S.C. § 1125(a).

44. Defendant's false designation of origin has caused actual confusion, mistake, or deception as to the origin, sponsorship, or approval by Plaintiff of the goods provided by Defendant under the infringing marks, subjecting Defendant to liability under 15 U.S.C. § 1125(a).

45. Defendant's false designation of origin has damaged Plaintiff in an amount to be determined at trial.

## COUNT III

### (State Dilution, Mass. Gen. Laws Ch. 110H)

46. The allegations of paragraphs 1-45 are restated and re-alleged as though fully set forth herein.

47. By its above-described conduct, Defendant has engaged in trademark dilution and injured Plaintiff's business reputation, all in violation of Massachusetts General Laws Chapter 110B, § 12.

48. Plaintiff has been damaged by said conduct in an amount to be determined at trial, and is further entitled to injunctive relief therefor.

## COUNT IV

### (Unfair Trade Practices, Mass. Gen. Laws Ch. 93A)

49. The allegations of paragraphs 1-48 are restated and re-alleged as though fully set forth herein.

50. Defendant is, and at all relevant times has been, engaged in commerce.

51. Defendant has sold and, on information and belief, continues to sell infringing materials in the Commonwealth of Massachusetts.

52. Defendant's infringing sales are damaging to Plaintiff, which is headquartered in the Commonwealth of Massachusetts.

53. By its above-described conduct, Defendant engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws Ch. 93A § 11.

54. Defendant's unfair and deceptive trade practices impact the public interest by causing consumer confusion and undermining Plaintiff's attempt to recoup the substantial

investment it made to create quality educational materials, which, in turn, undermines Plaintiff's ability to continue creating quality educational materials.

55. Defendant's unfair and deceptive trade practices have been willful and knowing. Defendant was on actual notice at least as early as September 26, 2014, but has continued with the infringing sales.

56. Defendant's conduct has damaged Plaintiff in an amount to be determined at trial.

## COUNT V

### (Common Law Unfair Competition)

57. The allegations of paragraphs 1-56 are restated and re-alleged as though fully set forth herein.

58. By its above-described conduct, Defendant has engaged in unfair competition under the common law of Massachusetts.

59. Defendant's conduct has damaged Plaintiff in an amount to be determined at trial.

60. Defendant's infringing actions will continue unless enjoined by this Court.

61. Plaintiff has no adequate remedy at law and will suffer irreparable harm to its business, reputation, and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

## COUNT VI

**(State Common Law Trademark Infringement, Mass. Gen. Laws Ch. 110H)**

62. The allegations of paragraphs 1-61 are restated and re-alleged as though fully set forth herein.

63. As alleged above, Defendant has infringed Plaintiff's senior common law trademark rights with the intent to deceive the public into believing that Defendant's goods were manufactured, approved, sponsored, or affiliated with Plaintiff when, in fact, they were not.

64. As a result of Defendant's infringement of Plaintiff's common law trademark rights, consumers and other entities operating in the educational space are likely to incorrectly believe that Defendant's goods were manufactured, approved, sponsored, or affiliated with Plaintiff when, in fact, they were not.

65. As a consequence of Defendant's common law trademark infringement, Plaintiff has suffered and will continue to suffer damage and injuries to its business, reputation, and goodwill, for which Plaintiff has no adequate remedy at law.

66. Defendant's conduct has caused and will continue to cause irreparable harm to Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

A. Declare that Defendant's unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act.

B.     Order the Defendant to take down all content that infringes any of Plaintiff's copyrighted material or trademarks or offers the same for sale.

C.     Immediately and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from using the mark PUBLIC CONSULTING GROUP, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, unfair competition, and unfair trade practices, with respect to Plaintiff's mark PUBLIC CONSULTING GROUP pursuant to 15 U.S.C. § 1125 or otherwise and under Massachusetts common law.

D.     Direct Defendant to pay Plaintiff its actual damages, any additional profits realized by Defendant, and the cost of this action pursuant to Mass. Gen. Laws Ch. 93A §11 or otherwise.

E.     Enter judgment that Defendant's trademark infringement, false designation of origin, unfair competition and unfair trade practices have been knowing and willful.

F.     Award Plaintiff its attorney fees and costs in prosecuting this action, pursuant to Mass. Gen. Laws Ch. 93A §11 and 17 U.S.C. § 505 or otherwise.

G.     Award Plaintiff treble damages pursuant to Mass. Gen. Laws Ch. 93A §11 or otherwise.

H.     Order the Defendant to transfer all existing infringing inventory to Plaintiff.

I. Order Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant through its infringement of Plaintiff's copyrights and trademarks or such damages as are proper.

J. Order Defendant to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Defendant's infringing acts.

K. Immediately and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from selling or offering for sale Plaintiff's copyright protected materials or any goods infringing upon Plaintiff's trademarks.

L. Award Plaintiff such further relief as this Court may deem just and necessary.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

PUBLIC CONSULTING GROUP, INC.

By its attorneys,

Dated:  February 23, 2015         /s/ Michael A. Albert
                                                    Michael A. Albert, BBO # 558566
                                                    malbert@wolfgreenfield.com
                                                    Anderson J. Duff, BBO # 687154
                                                    aduff@wolfgreenfield.com
                                                    WOLF, GREENFIELD & SACKS, P.C.
                                                     600 Atlantic Avenue
                                                     Boston, Massachusetts 02210
                                                     Tel: (617) 646-8000
                                                     Fax: (617) 646-8646